IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ROBERT W. CLAUNCH**                                                                 **PLAINTIFF**

v.                                                          Civil No. 1:12-cv-00085-HSO-RHW

**BANK OF AMERICA C/O CHARLES HOLLIDAY,**                          **DEFENDANTS**
**Independent Chairman of Board,**
**BANK OF AMERICA C/O BRIAN MOYNIHAN,**
**President and C.E.O.,**
**BANK OF AMERICA C/O BRUCE THOMPSON,**
**Chief Executive Officer,**
**JOHN DOES 1-100, JANE DOES 1-100, and**
**FIA CARD SERVICES, N.A.**

### ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT

BEFORE THE COURT is the Motion [22] to Dismiss Amended Complaint, filed by Defendants, FIA Card Services, N.A. ("FIA"), "Bank of America c/o Charles Holliday, Independent Chairman of Board," "Bank of America c/o Brian Moynihan, President and C.E.O.," and "Bank of America c/o Bruce Thompson, Chief Executive Officer" (collectively, "Defendants").  Plaintiff, Robert W. Claunch has filed a Response [24][25].[1]  After consideration of the Motion, the record, and relevant legal authorities, and for the reasons discussed below, the Court finds that Defendants' Motion [22] to Dismiss Amended Complaint should be granted in part and denied in part.

### I. FACTS AND PROCEDURAL BACKGROUND

"FIA is the issuer of credit cards branded 'Bank of America.'"  Defs.' Mot. [22]

---

[1]Plaintiff has filed a Response [24] to Defendants' Motion and a Response [25] to Defendants' Memorandum in Support of their Motion.

to Dismiss at p. 1.[2]  Plaintiff Robert W. Clauch, proceeding *pro se*, has sued FIA and "Bank of America" in care of Charles Holliday, Brian Moynihan, and Bruce Thompson, three individuals who are executives of Bank of America Corporation. Pl.'s Am. Compl. [15].  Plaintiff contends that he held a credit card or other credit account through FIA, which was branded as a "Bank of America" product.  He alleges that a loan protection plan was charged to this account without his permission.  *Id.* at pp. 1-2.  Plaintiff claims that Defendants "slammed" his account with a loan protection plan despite the fact that he was eighty-three years old, "already 100% disabled," and would not qualify for the plan's benefits.  *Id.* at p. 6, 15.  Plaintiff maintains that he has protested the charges and that some have been credited back to his account.  *Id.* at pp. 9-12.  Plaintiff seeks millions of dollars in damages from Defendants for alleged banking and insurance fraud, violation of "the Credit Protection Act; or Truth in Lending Act," and pursuant to various unnamed federal and state laws.  *Id.* at pp. 1, 6.

Defendants have filed a Motion [22] to Dismiss Plaintiff's Amended Complaint, contending that his allegations are "murky and inadequately described, and his few factual allegations are insufficient."  Defs.' Mot. [22] to Dismiss at p. 2.  They submit that Plaintiff has not pleaded fraud with particularity as required by Fed. R. Civ. P. 9, and that he "does not allege how the Truth-in-Lending Act or the Consumer Credit Protection Act relate to his claims or how said acts were purportedly violated."  *Id.*

---

[2]"FIA is a national association wholly owned by NB Holdings Corporation, which is wholly owned by Bank of America Corporation ('BAC'), a publicly held corporation."  FIA's Corporate Disclosure Stmt. [21].

Defendants maintain that Charles Holliday, Brian Moynihan, and Bruce Thompson should be dismissed because "[t]here are no facts provided in the Amended Complaint as to how the individually named defendants relate to any of the claims . . . . [and] Plaintiff has failed to delineate how these individuals may be liable for the claims asserted." *Id.* at pp. 2-3.

## II. DISCUSSION

A.  Defendants' Motion to Dismiss

 1.  Legal Standard

A motion to dismiss under Rule 12(b)(6) "is viewed with disfavor and is rarely granted." *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982). "Under Rule 12(b)(6), a claim should not be dismissed unless the court determines that it is beyond doubt that the plaintiff cannot prove a plausible set of facts that support the claim and would justify relief." *Lane v. Halliburton,* 529 F.3d 548, 557 (5th Cir. 2008)(citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555-58 (2007)). All well-pleaded facts must be viewed in the light most favorable to the plaintiff. *Fin. Acquisition Partners LP v. Blackwell,* 440 F.3d 278, 286 (5th Cir. 2006). On the other hand, the plaintiff must plead specific facts, not conclusory allegations, to avoid dismissal. *Id.*

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability

> requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (U.S. 2009) (quoting *Twombly*, 550 U.S. at 556-57, 570).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "[T]he statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus,* 551 U.S. 89, 93 (2007). "A *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* at 94. Furthermore, "[p]leadings must be construed so as to do justice." FED. R. CIV. P. 8(e).

2. Analysis of Plaintiff's Pleadings

Construing the Amended Complaint [15] liberally and in Plaintiff's favor, it is not clear beyond doubt that Plaintiff cannot prove a plausible set of facts that support his claims and that would justify relief. Claims similar to Plaintiff's have been advanced against Bank of America Corporation and FIA pursuant to TILA and the laws of various States. Pls.' First Am. Consol. Class Action Compl., *In re: Bank of America Credit Protection Marketing and Sales Practices Litigation,* MD No. 3:11-md-02269 (N.D. Cal. Apr. 25, 2012). Complaints are not required to contain "detailed factual allegations," and Plaintiff's pleadings are sufficient to satisfy the Federal Rule of Civil Procedure's pleading standards. *See Iqbal,* 129 S. Ct. at 1949.

Defendants submit that Plaintiff has sued a non-existent entity, i.e., "Bank of America." Defs.' Mot. to Dismiss [22] at p. 1. It is clear that Plaintiff intended to sue Bank of America Corporation when he filed his Complaint against "Bank of America c/o Charles Holliday, Independent Chairman of Board," "Bank of America c/o Brian Moynihan, President and C.E.O.," and "Bank of America c/o Bruce Thompson, Chief Executive Officer." Pl.'s Resp. [24] to Mot. to Dismiss Am. Compl. at p. 3 ("The name Bank of America, is the same name Bank of America Corporation; since Bank of America Corporation, regularly uses the name Bank of America, during business transactions."). The Clerk should amend the docket to reflect that Bank of America Corporation is a Defendant in this action.

Defendants further maintain that Bank of America Corporation executives Holliday, Moynihan, and Thompson should be dismissed. Defs' Mem. [3] in Supp. of Mot. to Dismiss at pp. 6-7. Plaintiff is seeking $333,333.33 each from Holliday, Moynihan, and Thompson. Plaintiff, however, has not pleaded sufficient facts or allegations that would support ignoring corporate formalities and imposing personal liability on Bank of America Corporation's executives. *See, e.g., Penn Nat. Gaming, Inc. v. Ratliff,* 954 So. 2d 427, 432-33 (Miss. 2007). In the absence of such facts or allegations, Holliday, Moynihan, and Thompson should be dismissed without prejudice as parties to this suit.

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Motion [22] to Dismiss Amended Complaint filed by Defendants, FIA Card Services, N.A. ("FIA"),

"Bank of America c/o Charles Holliday, Independent Chairman of Board," "Bank of America c/o Brian Moynihan, President and C.E.O.," and "Bank of America c/o Bruce Thompson, Chief Executive Officer" is **GRANTED IN PART AND DENIED IN PART**.  Charles Holliday, Brian Moynihan, and Bruce Thompson are dismissed from this case without prejudice.  The Motion [22] is denied in all other respects.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Clerk of Court is directed to correct the caption of this case to reflect that Bank of America Corporation is a Defendant.  The Clerk of Court shall terminate "Bank of America c/o Charles Holliday, Independent Chairman of Board," "Bank of America c/o Brian Moynihan, President and C.E.O.," and "Bank of America c/o Bruce Thompson, Chief Executive Officer" as parties.

**SO ORDERED AND ADJUDGED**, this the 18th day of June, 2013.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE