IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| ROBERT W. CLAUNCH | § | PLAINTIFF |
| | § | |
| | § | |
| V. | § | Civil No. 1:12CV85-HSO-RHW |
| | § | |
| | § | |
| BANK OF AMERICA CORPORATION | § | |
| and FIA CARD SERVICES, N.A. | § | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER GRANTING
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

BEFORE THE COURT is a Motion for Summary Judgment [43] filed by Defendants, Bank of America Corporation ("BAC") and FIA Card Services, N.A. ("FIA"). Plaintiff Robert W. Claunch, proceeding *pro se*, has filed a Response [46]. Defendants filed a Supplemental Motion for Summary Judgment [48], and Plaintiff filed a Response [50] to the Supplemental Motion for Summary Judgment. Defendant filed a Rebuttal [52]. The Court, having considered the pleadings on file, the briefs and arguments of the parties, the record, and relevant legal authorities, finds that Defendants' Motion for Summary Judgment [43] and Defendants' Supplemental Motion for Summary Judgment [48] should be granted.

I. BACKGROUND

A.   Plaintiff's Enrollment in "Credit Protection Plus"

This dispute centers on a credit card debt cancellation product called "Credit Protection Plus" ("CPP"), issued by Defendant FIA Card Services, N.A. ("FIA"). Dec.

1

of Chambers [43-1] at p. 1, Ex. A to Defs.' Mot. for Summ. J. [43].[1] Defendant FIA is an indirect subsidiary of BAC, and is the sole issuer of CPP. *Id.* CPP is an "optional fee-based debt cancellation product that can cancel a card holder's obligation to make minimum payments in whole or in part in the event of certain contingencies described in the plan." *Id.* at p. 2. These contingencies may include hospitalization, disability, involuntary unemployment, death, or other life events. *Id.* FIA charges a monthly fee for enrollment in the plan, which is calculated based upon a percentage of the customer's outstanding credit card loan balance. *Id.* Plaintiff Robert W. Claunch is the holder of a credit card account issued by FIA (the "7020 account") and is listed as an authorized user on the account of his wife, Ms. Louise Claunch (the "1215 account"). *Id.* Both of these accounts were enrolled in CPP. The 7020 account was enrolled in CPP in the period between October 3, 2007, and October 29, 2007. *Id.* The 1215 account was enrolled in CPP in the period between October 3, 2007, and November 15, 2011, but was not charged any fees associated with CPP until February 7, 2011, when the account carried a balance. *Id.*

Plaintiff filed this lawsuit on March 19, 2012. Plaintiff alleges that Defendants "slammed" his account with CPP without his authorization. Pl.'s Am.

---

[1]"FIA is a national association wholly owned by NB Holdings Corporation, which is wholly owned by Bank of America Corporation ('BAC'), a publicly held corporation." FIA's Corporate Disclosure Stmt. [21].

Compl. [15] at p. 6.[2] He contends that he did not agree to purchase the "protection plan," nor would he have qualified for CPP, as he was already "100% disabled." *Id.* Plaintiff claims that CPP caused his high credit score to lower in addition to negatively affecting his health and heart pacemaker. *Id.* at pp. 9-12.

B.    Class Action Settlement

Around the time that Plaintiff filed this suit, FIA credit card holders instituted class action litigation in the United States District Court for the Northern District of California, styled *In re Bank of America Credit Protection Marketing & Sales Practices Litigation*, Case No. 3:11-md-02269-TEH (N.D. Cal.)("CPP class action"). The class plaintiffs alleged Defendants BAC and FIA engaged in fraudulent and unlawful conduct with regard to the Defendants' product, CPP. MDL Compl. [43-5] at pp. 1-2, Ex. E to Defs.' Mot. for Summ. J. [43]. The factual allegations included imposing Credit Protection on customers who did not approve of the charge ("slamming") and fraudulently enrolling costumers in the program for whom the product is "virtually worthless." *Id.* at pp. 7-9.  The case involved lengthy motions practice and settlement negotiations.

On January 16, 2013, the Court in the Northern District of California entered an order granting final approval of a class action settlement. MDL Final Order [43-6], Ex. F to Defs.' Mot. for Summ. J. [43]. The Court certified the class as follows:

---

[2]Plaintiff refers to a "Loan Protection Plan" in his Complaint. Pl.'s Am. Compl. [15] at p. 6. It is clear from the record that Plaintiff is referring to CPP issued by FIA, as the Plaintiff's account was never enrolled in a product entitled "Loan Protection Plan."

> all people in the United States who were enrolled in a Credit Protection program issued by FIA Card Services, N.A., a subsidiary of Bank of America Corporation, between January 1, 2006 and July 17, 2012. These programs include, but are not limited to: Credit Protection Plus, Cardholder Security Plan, Credit Protection Plan, Credit Protection Deluxe, and Credit Protection Fleet (collectively, "CPP").

*Id.* at ¶2.

The Court concluded that the notice procedures employed satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, satisfied the requirements of due process, and constituted the best notice practicable under the circumstances. *Id.* at ¶7. The approved notice procedures included mailing out short-form notices of the settlement to all class members as well as publishing notice of the settlement in a national newspaper and settlement website. MDL Settlement [43-4] at pp. 8-9, Ex. D to Defs.' Mot. for Summ. J. [43]. Plaintiff and his wife were both identified as class members and were mailed notices to their most recent known mailing address between the dates of October 3, 2012, and October 29, 2012. Dec. of Wyatt [43-3] at ¶ 3-4, Ex. C to Defs.' Mot. for Summ. J. [43]. The notice provided details of the settlement and advised class members of their right to opt out of the settlement class by December 13, 2012. *Id.* at ¶ 4. No request for exclusion by Plaintiff or his wife was received by Defendants, and the notices were not returned as undeliverable mail. *Id.* at ¶ 5. Plaintiff maintains that he did not receive notice of the CPP class action until April 8, 2014. Res. [50] to Supp. Mot. for

Summ. J. [48] at p. 2.[3]

As a part of the settlement order, the Court approved a release and waiver which provided that any class member who had not opted out of the class settlement and any authorized user of their account

> will be deemed to have **completely released and forever discharged Defendants . . . from any claim, right, demand, charge, complaint, action, cause of action, obligation, or liability of any and every kind**, including without limitation those known and unknown from the beginning of the world until today, that arise out of common law, state law, or federal law, including but not limited to the claims asserted in the MDL litigation, whether by Constitution, statute, contract, common law, or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, as of the Effective Date that: (a) arise out of, relate to, or are in connection with (i) any Settlement Class Member's enrollment in, (ii) Defendants' marketing and administration of, and (iii) Defendants' termination of, CPP, or (b) arise out of, relate to, or are in connection with the administration of the Settlement (the "Released Claims").

MDL Settlement [43-4] at pp. 19-20, Ex. D to Defs.' Mot. for Summ. J. [43](emphasis added).

In order to effectuate the Settlement Agreement, the Court also issued an injunction prohibiting any settlement class member from commencing any "released claim" against Defendants. MDL Final Order [43-6] at ¶13, Ex. F to Defs.' Mot. for Summ. J. [43].

---

[3] Plaintiff argues that he did not receive notice of the CPP class action until April 8, 2014, when opposing counsel informed him of the suit during a settlement conference for this case. Res. [46] to Mot. for Summ. J. [43] at p. 2. Plaintiff has made contradictory statements as to whether he received notice. The inconsistencies in Plaintiff's response will be addressed later in this memorandum.

C.    Procedural History

On March 19, 2012, Plaintiff filed his Complaint [1] against BAC and FIA. Plaintiff subsequently filed an Amended Complaint [15] that argues Defendants violated "the Credit Protection Act; or Truth in Lending Act," committed bank, insurance, and wire fraud, engaged in unfair banking practices, and violated his consumer rights by enrolling him in CPP without his permission and despite the fact that he would not qualify for the Plan's benefits.

Defendants filed a Motion for Summary Judgment [43], arguing that Plaintiff's claims are barred by the doctrine of *res judicata* and the class action settlement, release, and injunction in *In re Bank of America Credit Protection Marketing & Sales Practices Litigation*, Case No. 3:11-md-02269-TEH (N.D. Cal. Jan. 16, 2013). In the alternative, Defendants contend that Plaintiff lacks standing to bring this action, his TILA claims are barred by the statute of limitations, he has not pled fraud properly, and he has not provided the Court with any evidence that Defendants' actions harmed either his credit score or his health.

## II. DISCUSSION

A.    Summary Judgment Standard

Summary judgment is appropriate where the "movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of informing the court of the basis for its motion and identifying the portions of the record which demonstrate the absence of a genuine issue of material fact. *Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "A genuine dispute of material fact means that 'evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Royal v. CCC & R Tres Arboles, L.L.C.*, 736 F.3d 396, 400 (5th Cir. 2013)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A fact is "material" if its resolution in favor of one party might affect the outcome of the lawsuit under governing law. *Hamilton v. Segue Software Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

Once the movant meets this initial burden, the nonmovant must go beyond the pleadings and designate specific facts showing a genuine issue for trial. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). The nonmoving party must present "significant probative evidence." *Hamilton*, 232 F.3d at 477. A party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. *Celtic Marine Corp. v. James C. Justice Companies, Inc.*, No. 13-30712, 2014 WL 3732647, at *4 (5th Cir. July 29, 2014). A court "must resolve all ambiguities and draw all permissible inferences in favor of the non-moving party." *Total E&P USA Inc. v. Kerr-McGee Oil and Gas Corp.*, 719 F.3d 424, 434 (5th Cir. 2013)

B.  Plaintiff's Claims are Barred by *Res Judicata*

Defendants argue that Plaintiff's claims are barred by the doctrine of *res judicata* because Plaintiff was a member of the certified class in the CPP class action. Under the doctrine of *res judicata*, a prior judgment will bar an action if (1) the parties are identical in both suits, (2) the prior judgment was rendered by a

court of competent jurisdiction, (3) there was a final judgment on the merits, and (4) the same cause of action was involved in both cases. *Nilsen v. City of Moss Point, Miss.*, 701 F.2d 556, 559 (5th Cir. 1983).

Applying the *Nilsen* test to the facts of this case, Plaintiff's claims are barred by *res judicata*. First, the parties to both suits were identical. There is no question that Defendants in this case are the same as those in the CPP class action. Plaintiff, although not a named party in the class action, is bound by the class action "if he was represented as a member of a class . . . in the original litigation." *Meza v. Gen. Battery Corp.*, 908 F.2d 1262, 1266-67 (5th Cir. 1990). The Northern District of California certified the class as being "all people in the United States who were enrolled in a Credit Protection program issued by FIA Card Services, N.A., a subsidiary of Bank of America Corporation, between January 1, 2006, and July 17, 2012." MDL Final Order [43-6] at ¶2, Ex. F to Defs.' Mot. for Summ. J. [43]. Plaintiff was enrolled in CPP between October 3, 2007, and November 15, 2011. Dec. of Chambers [43-1] at p. 2, Ex. A to Defs.' Mot. for Summ. J. [43]. Because Plaintiff was mailed notice and informed of his right to opt out, and because no request for exclusion was received from Plaintiff, he is a member of the settlement class. As a member of the settlement class, Plaintiff was a party to the previous action and the first element of *res judicata* is met.

As for the second element, there is nothing in the record to suggest that the Northern District of California was not a court of competent jurisdiction to resolve the claim. For the third element, there must have been a final judgment on the

merits. The Fifth Circuit gives consent judgments such as the class action settlement agreement at issue here the same finality accorded under the rules of claim preclusion. *Russell v. SunAmerica Sec., Inc.*, 962 F.2d 1169, 1173 (5th Cir. 1992). Therefore, the second and third elements of *res judicata* are satisfied.

Finally, the same cause of action must be involved in both cases. Comparing the CPP class action complaint to Plaintiff's Complaint, it is evident that Plaintiff's claims involve the same conduct that was settled in the previous class action. Plaintiff's claims in this case and the CPP class action claims center around Defendants' purportedly unfair practices with regard to the product CPP. Both complaints alleged that Defendants "slammed" their accounts, engaged in fraudulent conduct in violation of TILA, and enrolled them in a product knowing they would be unable to receive benefits. Based on the above, all of the elements for application of *res judicata* are present, and Plaintiff's claims are barred by the doctrine of *res judicata*.

B.  <u>Plaintiff's Claims are Barred by the Release and Injunction Included in the Settlement Agreement</u>

Defendants also advance the argument that Plaintiff's claims are barred by the release in the settlement agreement approved by the Northern District of California. The Fifth Circuit holds that a "court-approved settlement entered in a properly certified class action generally will bind an absent class member." *Penson v. Terminal Transp. Co., Inc.*, 634 F.2d 989, 992 (5th Cir. 1981). The settlement agreement approved by the Court included a release, which provided that every

class member who had not opted out of the settlement was deemed to have completely released Defendants from any claim that arises out of, relates to, or is in connection with the class member's enrollment in, Defendants' marketing and administration of, and Defendants' termination of CPP. Plaintiff's claims fall squarely within this release. As a member of the CPP settlement class, Plaintiff has released all of the claims he is currently advancing. His claims are therefore barred.

Defendant also argues that Plaintiff's claims are precluded by the injunction issued by the Court as a part of the order approving the settlement agreement. A district court overseeing class action litigation has the authority to enjoin class members from instituting released claims, thus protecting the integrity of the settlement order. *See In re Prudential Ins. Co. of Am. Sales Practice Litig.*, 261 F.3d 355, 367 (3d Cir. 2001); *Thomas v. Edward D. Jones & Co.*, 992 F.2d 187, 189 (8th Cir. 1993). The Northern District of California enjoined every CPP settlement class member and any person acting on behalf of a settlement class member from commencing any released claim, directly or indirectly, in any judicial, administrative, arbitral, or other forum against Defendants. This injunction bars Plaintiff from pursuing his claims here with regard to either the 1215 account or the 7020 account.

C.  Plaintiff's Arguments

Plaintiff argues that he only first received notice of the CPP class action during a settlement conference held in this case. He asserts that he had no knowledge of the class action litigation prior to April 8, 2014, and that he never

agreed to be a part of the class action. However, Defendants have presented competent summary judgment evidence in the form of sworn affidavits that Plaintiff was mailed individual notice of the CPP class action with information on how to opt out of the settlement if he wished to do so. Notice was also published through a national newspaper and a settlement website. In addition, the Northern District of California approved the notice procedures as being the best practicable under the circumstances, and as meeting the requirements of due process and Rule 23. In the face of the evidence provided by Defendants, Plaintiff has relied only on unsubstantiated assertions to support his argument. Such conclusory allegations are not enough to defeat Defendants' properly supported motion for summary judgment.

Plaintiff next argues that he instituted his suit prior to the CPP class action, and is therefore not bound by the judgment in that case. Whether Plaintiff instituted his suit prior to the CPP class action is irrelevant for purposes of determining whether his claims are barred by *res judicata* and the settlement agreement. "A judgment or consent decree entered in a class action can bind the absent class member even though the member had filed a claim or instituted a personal suit before the decision in the class action." *Penson*, 634 F.2d at 996. Plaintiff is still bound by the terms of the settlement, even though Plaintiff had filed his claim with this Court before the settlement agreement was entered.

### III. CONCLUSION

For the foregoing reasons, the Court finds that summary judgment is appropriate.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons more fully stated herein, the Motion for Summary Judgment [43] and Supplemental Motion for Summary Judgment [48] filed by Defendants Bank of America Corporation and FIA Card Services, N.A., on April 15, 2014, and May 6, 2014, are **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff Robert W. Claunch's claims against Defendants Bank of America Corporation and FIA Card Services, N.A., are **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED**, this the 18th day of August, 2014.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE